UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND and TRUSTEES OF THE INTERNATIONAL TRAINING FUND,<br><br>                                        Plaintiffs,<br><br>            -against-<br><br>HYDRONIC CONCEPTS NEW YORK PLUMBING & HEATING INC. and JAMES LANGER, in his individual capacity,<br><br>                                        Defendants. | 18 Civ.<br><br><br><br><br>**COMPLAINT** |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

## NATURE OF THE ACTION

1.      This is a civil action pursuant to, *inter alia*, sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3) and 1145, and section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, by the trustees of a group of multiemployer employee benefit plans to enforce an employer's contractual and statutory obligations to make specified monetary contributions to the plans, and for related relief.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367 and 29 U.S.C. §§ 185 and 1132(e)(1).

3.      Venue is proper in this judicial district pursuant to 29 U.S.C. §§ 185 and 1132(e)(2).

**THE PARTIES**

4.Plaintiff Trustees of the Plumbers & Pipefitters National Pension Fund (the "NPF") are employer and employee trustees of a multiemployer employee pension benefit plan as those terms are defined in sections 3(2) and 3(37) of ERISA, 29 U.S.C. §§ 1002(2) and (37).  The NPF is established and maintained by a trust agreement between various employers within the plumbing industry and the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada.  The NPF is administered at 103 Oronoco Street, Alexandria, Virginia 22314.

5.Plaintiff Trustees of the International Training Fund (the "ITF") are employee and employer trustees of a multiemployer employee welfare benefit plan as those terms are defined in sections 3(2) and 3(37) of ERISA, 29 U.S.C. §§ 1002(2) and (37).  The ITF is established and maintained by a trust agreement between various employers within the plumbing industry and the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada.  The ITF is administered at 103 Oronoco Street, Alexandria, Virginia 22314.

6.Defendant Hydronic Concepts New York Plumbing & Heating Inc. ("Hydronic") was and is a for-profit corporation organized and established under the laws of the State of New York duly authorized to conduct business in the City and State of New York as an employer within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145, and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185.  Upon information and belief, Hydronic maintains an office at 1776 Broadway, Suite 706, New York, New York 10019.

7. Defendant James Langer ("Langer," and together with Hydronic, "Defendants") is the principal of Hydronic, was and is an employer within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145, and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185.  Upon information and belief, Langer maintains a principal place of business at 1776 Broadway, Suite 706, New York, New York 10019.

## BACKGROUND

8. At all relevant times, Hydronic was a party to, and/or manifested its intention to be bound by, a collective bargaining agreement (the "CBA") with Local Union No. 1 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada (the "Union").

9. The CBA required Hydronic to make specified hourly contributions to the NPF and the ITF (collectively, the "Funds"), in connection with all plumbing work and other specified work performed on behalf of Hydronic within the five boroughs of the City of New York ("Covered Work").  The CBA further required Hydronic to submit monthly remittance reports to the Funds detailing the hours of Covered Work performed by employees of Hydronic.

10. Hydronic failed to remit contributions for the months of July 2018 through September 2018 to the NPF in the amount of $19,188.76, and to the ITF in the amount of $798.20.

11. Hydronic failed to submit remittance reports and/or contributions for October 2018 to the NPF in the estimated amount of $6,536.96, and to the ITF in the estimated amount of $240.17.

## **FIRST CLAIM FOR RELIEF**

12. Plaintiffs repeat the allegations set forth in paragraphs 1 through 11 above and incorporate them herein by reference.

13. Section 515 of ERISA provides: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

14. Under the documents and instruments governing the Funds, including their trust agreements and the collection policies promulgated in accordance therewith, employers whose contributions are delinquent are liable for the amount of the delinquent contributions, interest at the rate of 12% per annum, liquidated damages of 10% of the principal amount due to the NPF and 20% of the principal amount due to the ITF, attorneys' fees, audit fees, and other collection costs.

15. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides that, upon a finding that an employer violated section 515 of ERISA, 29 U.S.C. § 1145, the plan is entitled to judgment for the amount of delinquent contributions plus interest and liquidated damages at rates prescribed by the documents and instruments governing the plan, and the reasonable attorneys' fees and costs incurred by the plan in prosecuting the action.

16. By its failure to remit reports and contributions for work performed during July 2018 through October 2018, Hydronic contravened the CBA, the documents and instruments governing the Funds, and section 515 of ERISA, 29 U.S.C. § 1145.

17. Accordingly, Hydronic is liable to the Funds for delinquent contributions in an amount to be determined at trial but believed to be in excess of $27,000 for the period of July 2018 through October 2018, plus interest accrued thereon, liquidated damages, attorneys' fees, and other expenses incurred in connection with the collection procedures.

## SECOND CLAIM FOR RELIEF

18. Plaintiffs repeat the allegations set forth in paragraphs 1 through 17 above and incorporate them herein by reference.

19. The trust agreements of the Funds provide that the Funds' assets include not only money that employers have actually contributed to the Funds, but also delinquent amounts that employers were required to contribute to the Funds pursuant to collective bargaining agreements.

20. Section 3(21)(A)(i) of ERISA, 29 U.S.C. § 1002(21)(A)(i), provides that a person is a fiduciary of an employee benefit plan to the extent he or she exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets.

21. At all relevant times, Langer was president and majority shareholder of Hydronic, and exercised operational control of Hydronic, including discretionary authority and discretionary control of bank accounts and other assets in the possession of Hydronic.

22. At all relevant times, Langer was directly responsible for the failure of Hydronic to make contributions to the Funds.

23. Langer was responsible for deciding whether to use assets in the possession of Hydronic to pay contributions to the Funds. Langer decided not to use such assets to pay contributions to the Funds.

24. Langer exercised discretionary control and/or discretionary authority over the disposition of the Funds' assets by causing Hydronic to fail to make contributions to the Funds in accordance with the CBAs.  At times when Hydronic owed contributions to the Funds, Langer caused Hydronic to use assets in its possession for purposes other than making contributions to the Funds.

25. Langer was a fiduciary of the Funds within the meaning of section 3(21)(A)(i) of ERISA, 29 U.S.C. § 1002(21)(A)(i).

26. Langer was a party in interest with respect to the Funds, within the meaning of section 3(14)(A), (E), and/or (H) of ERISA, 29 U.S.C. § 1002(14)(A), (E), and/or (H).

27. Hydronic was a party in interest with respect to the Funds, within the meaning of section 3(14)(C) of ERISA, 29 U.S.C. § 1002(14)(C).

28. By the foregoing acts and omissions, Langer failed to discharge his duties with respect to the Funds solely in the interest of the participants and beneficiaries of the Funds and for the exclusive purposes of providing benefits to the Funds' participants and their beneficiaries and defraying reasonable expenses of administering the Funds, in violation of section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A).

29. By the foregoing acts and omissions, Langer failed to discharge his duties with respect to the Funds with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity would use in the conduct of an enterprise of a like character and with like aims, in violation of section 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B).

30. By the foregoing acts and omissions, Langer caused assets of the Funds to be used by or for the benefit of a party in interest, in violation of section 406(a)(1)(D) of ERISA, 29 U.S.C. § 1106(a)(1)(D).

31. By the foregoing acts and omissions, Langer caused the Funds to suffer substantial monetary losses.

32. Under section 409(a) of ERISA, 29 U.S.C. § 1109(a), Langer is personally liable to the Funds for all such losses, plus all profits Langer has made and/or all earnings the Funds have lost as a result of such acts and omissions.

**WHEREFORE,** Plaintiffs respectfully request that this Court:

(1) Render judgment in favor of Plaintiffs against Defendants Hydronic and Langer, jointly and severally, for contributions for the period of July 2018 through October 2018 in an amount to be determined at trial but no less than $27,000.00, plus interest and liquidated damages thereon, together with interest accrued through the date of judgment;

(2) Award Plaintiffs the reasonable attorneys' fees, costs, and expenses incurred by them in prosecuting this action; and

(3) Award Plaintiffs such further legal, equitable, or other relief as is just and proper.

Dated: New York, New York  Respectfully submitted,
December 7, 2018
                                     **VIRGINIA & AMBINDER, LLP**

                   By:     /s/
                           Martin C. Fojas
                           Charles R. Virginia
                           40 Broad Street, 7th Floor
                           New York, New York 10004
                           (212) 943-9080
                           *Attorneys for Plaintiffs*